UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARY CRAIG,

    Plaintiff,

v.   Case No: 2:16-cv-351-FtM-99CM

CAROLYN COLVIN, Acting Commissioner of Social Security,

    Defendant.

## OPINION AND ORDER

This matter comes before the Court on review of plaintiff's Verified Complaint (Doc. #1) and Motion for Temporary Restraining Order (Doc. #3) filed on May 10, 2016. Plaintiff seeks to preclude Administrative Law Judge (ALJ) Larry J. Butler from hearing plaintiff's case scheduled for May 11, 2016, due to his bias, and to protect plaintiff's constitutional right to a full and fair hearing. (Doc. #1, ¶ 1.) For the reasons set forth below, the Verified Complaint is dismissed for lack of subject-matter jurisdiction, and the Motion for a temporary restraining order will be denied as moot.

A complaint must set forth "a short and plain statement of the grounds for the court's jurisdiction". Fed. R. Civ. P. 8(a)(1). The Court "should inquire into whether it has subject

matter jurisdiction at the earliest possible stage in the proceedings. Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." Univ. of S. Alabama v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) (collecting cases).  If the Court determines "at any time" that it lacks subject-matter jurisdiction, the Court must dismiss the case.  Fed. R. Civ. P. 12(h)(3).

The Verified Complaint (Doc. #1) provides that it is an action for a temporary restraining order pursuant to Local Rule 4.05. Plaintiff asserts jurisdiction pursuant to 28 U.S.C. § 1361, for mandamus relief, and § 1331, because plaintiff asserts a violation of due process.  Plaintiff also asserts jurisdiction pursuant to 42 U.S.C. § 405(g) "because this case involves a constitutional claim wholly collateral to the substantive claim of entitlement to disability benefits."  (Doc. #1, ¶ 2.)  Plaintiff, through counsel, requested that ALJ Butler recuse himself from the case however he declined to do so without a stated reasons or written explanation.  (Doc. #1, ¶¶ 5, 7, 8.)  Plaintiff sought a recusal alleging bias, an inability to follow Commissioner's rules and policies based on public statements, Butler's pending lawsuit against the Commissioner, and the Commissioner's complaint against Butler.  Plaintiff contacted the Hearing Office Chief ALJ, the Acting Regional Chief ALJ, and the Division of Quality Services

about the request to withdraw but no relief was afforded with regard to the refusal to provide a stated reason for denying recusal. (Id., ¶ 8.) Plaintiff alleges that administrative remedies were exhausted and no other adequate remedy is available. (Id., ¶ 9.) Plaintiff seeks injunctive relief to prevent Butler from presiding over the hearing and plaintiff's case.

"First, judicial review under the federal-question statute, 28 U.S.C. § 1331, is precluded by 42 U.S.C. § 405(h)." Your Home Visiting Nurse Servs., Inc. v. Shalala, 525 U.S. 449, 456 (1999). See also 42 U.S.C. § 405(h) ("No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter."). Middle District of Florida Local Rule 4.05, which addresses motions for temporary restraining orders, also does not provide a basis for subject-matter jurisdiction because only Congress can create federal subject-matter jurisdiction. Kontrick v. Ryan, 540 U.S. 443, 452, 454 (2004). See also Fed. R. Civ. P. 82 ("These rules do not extend or limit the jurisdiction of the district courts or the venue of actions in those courts.").

Plaintiff also appears to allege jurisdiction and a claim directly under the Due Process Clause of the Fifth Amendment, and that no other means are available to vindicate her rights. As discussed below, plaintiff does have other avenues and a due

process claim as a basis for jurisdiction cannot stand when Congress has provided for relief, and no special factors cause hesitation in the absence of affirmative action by Congress. Davis v. Passman, 442 U.S. 228, 245 (1979); Butz v. Economou, 438 U.S. 478, 503 (1978); Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 396 (1971); Bell v. Hood, 327 U.S. 678, 682 (1946).

"The common-law writ of mandamus, as codified in 28 U.S.C. § 1361, is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." Heckler v. Ringer, 466 U.S. 602, 616 (1984).  To the extent that plaintiff may be asserting a procedural due process claim as a basis for jurisdiction, such a claim is frivolous on its face.  The administrative review process provides procedures if an ALJ does not withdraw upon objection or a request for disqualification, and clearly state that "you may, **after the hearing**, present your objections to the Appeals Council as reasons why the hearing decision should be revised or a new hearing held before another administrative law judge."  20 C.F.R. § 404.940 (emphasis added). Additionally, a district court's review of the final decision of the Commissioner can include the failure to recuse an ALJ. E.g., Jarrett v. Comm'r of Soc. Sec., 422 F. App'x 869, 874 (11th Cir. 2011).  Since plaintiff as not exhausted all other avenues of

relief, mandamus relief is not appropriate. Additionally, no final decision has been rendered so as to provide a basis for judicial review under 42 U.S.C. 405(g).

Accordingly, it is hereby

**ORDERED:**

1. The Verified Complaint (Doc. #1) is **dismissed** without prejudice for lack of subject-matter jurisdiction.
2. Plaintiff's Motion for Temporary Restraining Order (Doc. #2) is **DENIED as moot.**
3. The Motion to Proceed In Forma Pauperis (Doc. #3) is **DENIED.**
4. The Clerk shall close the case.

**DONE and ORDERED** at Fort Myers, Florida, this __11th__ day of May, 2016.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
U.S. Magistrate Judge
Counsel of Record